UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:22CV-P83-JHM

**CALEB V. JONES**                                                                                                    **PLAINTIFF**

v.

**HOPKINS COUNTY DETENTION CENTER**                                                      **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Caleb V. Jones filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF COMPLAINT

Plaintiff is a pretrial detainee at the Hopkins County Detention Center (HCDC). He names HCDC as the only Defendant. Plaintiff states that on July 7, 2022, he "received a dinner tray that was filthy, the mashed potatoes tasted like paint and gasoline and a soap." He asserts that the tray "was disgusting" and "had left over macaroni cheese built up upon it along with mold." He states that "[he] red flag the situation showing Caryssa West (correctional officer) the tray was unsanitary" and that West said that Plaintiff was refusing the tray. Plaintiff told her that "no I just wanted a different tray" and "she took my tray and began eating leaving the segregation unit." He states, "I continued to red flag the situation correctional officer West returned stating stop I refused my dinner and had been giving my options."

Plaintiff reports that he "began kicking the door to gain some attention with a higher power regarding my food being unsanitary." He states that West "returned eating the biscuit off the tray pointing a pink white and purple fire arm at me stating (do you want this?)." Plaintiff told West that he "just wanted a different tray because it was unsanitary." He states that he

"went to sleep hungry and was placed on disciplinary for kicking the door, all the tray's that the trusties have been giving are unsanitary this violates the 8th Constitutional Amendment by cruel and unusual punishment."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Plaintiff sues only HCDC. HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Hopkins County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court will, therefore, construe the complaint as brought against Hopkins County.

Plaintiff alleges a violation of the Eighth Amendment. However, the Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021). Because Plaintiff is a pretrial detainee, his claims under the Eighth Amendment must be dismissed for failure to state a claim.

In order to establish a Fourteenth Amendment claim based on an inmate's conditions of confinement, the inmate must show objectively "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A plaintiff must also show that Defendants acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836).[1]

---

[1] The Sixth Circuit historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment convicted prisoner claims "'under the same rubric.'" *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). In *Kingsley v. Hendrickson*, 576 U.S. 389, 397-400 (2015), however, the Supreme Court analyzed the standard applied to an excessive-force claim brought by a pretrial detainee and eliminated the subjective prong of the deliberate indifference standard for such a claim. In *Brawner*, 14 F.4th at 596, the Sixth Circuit held that "*Kingsley* requires modification of the subjective prong of the deliberate-indifference test for pretrial detainees" in the context of a claim of deliberate indifference to serious medical needs.

With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Numerous courts have held that occasional incidents of unsanitary food preparation does not meet the objective standard required to state a constitutional violation. *See, e.g.*, *Smith v. Younger*, No. 95-5482, 1999 U.S. App. LEXIS 20168, at *6 (6th Cir. Aug. 9, 1999) ("The fact that the [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.") (internal quotation omitted); *Chavis v. Fairman*, 51 F.3d 275 (7th Cir. 1995) (holding that occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs); *Kinner v. Moore*, No. 15-2105-JDT, 2016 U.S. Dist. LEXIS 47657, at *7, 26-27 (W.D. Tenn. Apr. 8, 2016) (finding that inmate's allegations that "trays are dirty, food products are expired and outdated, meats and other food products are raw or undercooked, the food is cold and inedible, and the portions are inadequate" did not meet the objective standard for a conditions-of-confinement claim); *Wiley v. Dep't of Corr.*, No. 11-97-HRW, 2012 U.S. Dist. LEXIS 166385, at *23 (E.D. Ky. Nov. 21, 2012) (holding that one incident of discovering a dead rat in soup was not actionable); *Bennett v. Misner*, No. 02-1662-HA, 2004 U.S. Dist. LEXIS 19568, at *63 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.").

Therefore, Plaintiff's allegation in the complaint that he was served an unsanitary food tray on one occasion is not sufficient to meet the objective standard of a deliberate-indifference claim under the Fourteenth Amendment. To the extent that he also alleges that "all the tray's that the trusties have been giving are unsanitary[,]" this allegation is conclusory and lacks factual specificity sufficient to state a claim. *See Iqbal*, 556 U.S. at 678 (complaint not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff also alleges that on one occasion he went to bed hungry, but he does not allege facts that show that he received a nutritionally inadequate diet. *See, e.g.*, *Witschi v. N.C. Dep't of Pub. Safety*, No. 1:14-cv-68-FDW, 2014 U.S. Dist. LEXIS 103300, at *7 (W.D.N.C. July 29, 2014) (dismissing claim and finding that the inmate "[did] not allege specific facts suggesting that he is not being provided with adequate nourishment to sustain his health").

For the foregoing reasons, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted by separate Order.

Date: December 16, 2022

*Joseph H. McKinley* (signature)

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendant
 Hopkins County Attorney
4414.010